IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>HAVEN MANOR, INC.,<br><br>    Defendant. | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

### NATURE OF THE ACTION

This is action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Amanda Huff, who was adversely affected by such practices. The Commission alleges that Haven Manor, Inc. refused to hire/ accept placement of Ms. Huff at its facility by Willingham Health Services ("Willingham"), a staffing agency, because of her disability, hearing impairment, as alleged with greater particularity in paragraph 8 below.

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Nebraska and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Amanda Huff filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. Pursuant to a Work Sharing Agreement between the EEOC and the Nebraska Equal Opportunity Commission ("NEOC"), NEOC investigated the charge. The NEOC issued a cause finding on May 15, 2009, and attempted unsuccessfully to conciliate with Defendant. On January 13, 2010,

2

the EEOC issued its own Determination of Cause January 14, 2010. The Commission's good faith efforts to conciliate with Defendant were also unsuccessful.

8. On or about September 13, 2007, Defendant engaged in unlawful employment practices at its Lincoln, Nebraska location, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by refusing to hire/ accept placement of Ms. Huff at its facility, by Willingham, because of her disability, hearing impairment. Amanda Huff is an experienced Certified Nursing Assistant (CNA) who has suffered from a hearing impairment since birth. Ms. Huff was employed by Willingham, which attempted to place her with its client Haven Manor as a CNA on September 13, 2007. Willingham was aware of Ms. Huff's disability and believed she was fully qualified for the job assignment because her hearing impairment did not cause problems for her at work. Approximately twenty (20) minutes into orientation, Defendant became aware of Ms. Huff's hearing impairment and told Ms. Huff that she could not work at its facility because of her hearing impairment. Defendant then contacted Willingham and asked for a replacement for Ms. Huff.

9. The effect of these actions by Defendant has been to deprive Ms. Huff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 were intentional.

11. The unlawful employment practices engaged in by Defendant were done with malice or reckless indifference to the federally protected rights of Ms. Huff.

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against its employees, or employees of any staffing agencies placed with Defendant, on the basis of the employee's disability;

B.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make Ms. Huff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay;

D.     Order Defendants to make Ms. Huff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above in amounts to be determined at trial;

E.     Order Defendants to make Ms. Huff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraph 8 above, including compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amount to be determined at trial;

F.     Order Defendants to pay Ms. Huff punitive damages for its malicious and reckless conduct, in amount to be determined at trial;

G.     Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the Commission its costs incurred in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
BARBARA A. SEELY
Regional Attorney

_____
C. FELIX MILLER
Supervisory Trial Attorney

_____
MELVIN D. KENNEDY
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce, Room 8.100,
St. Louis, MO 63103
(314) 539-7915