IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 4:10CV3108 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HAVEN MANOR, INC, | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (EEOC) has instituted this action alleging that Haven Manor, Inc., discriminated against Amanda Huff in violation of Section 102(a) and (b) of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a) and (b), by refusing to hire/ accept placement of Ms. Huff at its facility because of her disability, hearing impairment.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the ADA will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of the ADA or any executive order, law, rule or regulation dealing with or in connection with disability discrimination in the workplace.

2. Defendant shall not discriminate against its employees, or staffing agency employees, with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment on the basis of disability.

3. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under the ADA; (b) has participated in any investigation by the Commission, or Nebraska Equal Opportunity Commission (NEOC), connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefitted or will benefit in any way as a result of this Consent Decree.

## II. Relief for Charging Party

1. Defendant shall pay a total of $10,000 ("Settlement Sum") as compensatory damages to Amanda Huff. Within ten (10) business days after execution of the Decree one check shall be made payable to Ms. Huff in the amount of $2,500. Within thirty (30) days of issuance of the first check, and every thirty days thereafter, Defendant shall issue a check made payable to Ms. Huff in the amount of $1,500, until the Settlement Sum has

been paid in full. Each amount paid pursuant to this paragraph shall be designated by Defendant as "other income" on I.R.S. Form 1099.

    2.    Defendant's owner Gus Peach shall personally guarantee payment of the Settlement Sum.

### III. Posting and Policies

    1.    Defendant shall, within ninety (90) days from the entry of this Decree, adopt and post policies prohibiting discrimination in the workplace, including but not limited to disability discrimination. Defendant shall post its anti-discrimination policies in locations accessible to all employees, for a period of three (3) years from the date of entry of this Decree. At least thirty (30) days prior to posting the anti-discrimination policies, Defendant shall provide copies of the policies to EEOC Regional Attorney Barbara A. Seely for comment and approval.

    2.    Defendant shall post the notice attached hereto as Exhibit A in each of its facilities, and in locations visible to all employees, for a period of three (3) years, from the date of entry of this Decree

    3.    Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in each of its facilities, and in locations visible to all employees, for a period of three (3) years, from the date of entry of this Decree.

    4.    Defendant shall, within six (6) months from the date of entry of this Decree, provide training to all management and supervisory employees on the topics of disability discrimination and reasonable accommodation under the ADA. At least thirty (30) days

prior to the training Defendant shall provide copies of the training materials to EEOC Regional Attorney Barbara A. Seely for comment and approval.

### IV. Reporting, Record-keeping, and Access

1. Within six (6) months of the date of entry of this Decree, and every 6 months thereafter for the duration of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis Office, a report listing the name of each applicant or employee or staffing agency employee who requested reasonable accommodation for his or her disability, the date and nature of such request, whether or not he or she was accommodated and the nature of the accommodation provided, or if not accommodated, the reasons, the date of termination, if applicable, and reason(s) for termination.

2. Within one-hundred-twenty (120) days of the entry of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming that the policies have been posted and that the posters have been posted as required by Section III, above.

3. Within forty-five (45) days of the completion of the training required under Section III, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming completion of said training. The letter shall include the names of all employees who attended the training.

4. During the term of this Decree, Defendant shall allow representatives of the EEOC to review Defendant's compliance with this Decree, with sufficient notice, not more than fifteen (15) days from the date of the notice. Such compliance review may include an EEOC visit to Defendant's premises where warranted, production of medical documents, and interviews with employees and/or managers.

### V.  Term and Effect of Decree

1. By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than Charge Numbers 32E-2008-00504 filed by Amanda Huff against Haven Manor, Inc.

2. This Decree shall be binding upon the parties hereto, their successors and assigns.  Defendant shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

3. Each party shall bear that party's own costs and attorneys' fees.

DATED this 12th day of January, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge